**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| NIKE, INC.,<br><br>     Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>     Defendants. | Case No. 22-cv-06700<br><br>**Judge John Robert Blakey**<br><br>**Magistrate Judge Susan E. Cox** |

### PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37

Plaintiff Nike, Inc. ("Plaintiff" or "Nike"), by its counsel, moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to strike Defendant AKIWOS (7-15 Days Arrive)'s (Def. No. 11) ("Defendant") Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction [33] ("Defendant's Opposition") and grant Plaintiff's Motion [29] as to Defendant.

### BACKGROUND

On December 19, 2022, this Court granted Nike's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [22]. Paragraph 6 of the TRO permitted Plaintiff to issue expedited written discovery to Defendants via e-mail, with Defendants' responses due within three business days. [22] at ¶ 6.

Pursuant to the TRO, Plaintiff promptly served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant on January 4, 2023. *See* Declaration of Jake M. Christensen (the "Christensen Decl.") at ¶ 2. The response

1

deadline to Plaintiff's Discovery Requests elapsed on January 9, 2023. As of January 11, 2023, Defendant has failed to serve any response to Plaintiff's Discovery Requests. Christensen Decl. at ¶ 3. On January 9, 2023, Defendant filed its Defendant's Opposition [33] that appeared on the docket at the close of business on January 10, 2023.

**Local Rule 37.2 Meet and Confer Certification**

At approximately 7:30am C.S.T. on January 11, 2023, Plaintiff sent an email to Defendant advising Defendant that the deadline to respond to Plaintiff's Discovery Requests had elapsed and setting a Local Rule 37.2 meet-and-confer conference for January 11, 2023, at 9:00am C.S.T. Christensen Decl. at ¶ 4. Defendant did not respond, show up, or provide alternate availability for a Local Rule 37.2 meet-and-confer conference. *Id.* As of the filing of this Motion, Defendant has still not produced any documents nor served any responses to Plaintiff's Discovery Requests. *Id.* at ¶ 3. Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.

**ARGUMENT**

## I.      Legal Standard

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response. Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or his counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

## II.     Defendant's Opposition Should be Stricken

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendant failed to respond to discovery requests as required under the Federal Rules of Civil Procedure. Sanctions are particularly appropriate here because Defendant is "gaming the system" by filing its Objection, creating the need to conduct discovery, and then failing and refusing to produce any documents or provide any information, in violation of the Court's Order [24] and the Federal Rules of Civil Procedure. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests"). Striking Defendant's Objection is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). *see Rimowa GmbH v. The Partnerships, et al.*, No. 21-cv-04865 (N.D. Ill. Jan. 26, 2022) (unpublished) (Docket No. 88) (denying defendants' motion to dismiss as a sanction for failing to respond to discovery requests).  Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3).

## <u>CONCLUSION</u>

Defendant has failed to respond to Plaintiff's Discovery Requests. Defendant has chosen to flaunt the mandate of both the Federal Rules of Civil Procedure and the Court by failing to produce responsive documents necessitated by Defendant's Opposition.

For the reasons stated above, Plaintiff respectfully requests that this Court strike Defendant's Opposition as a sanction and grant Plaintiff's Motion for Entry of a Preliminary Injunction [29] as to Defendant.

Dated this 11th day of January 2023.      Respectfully submitted,

/s/ Jake M. Christensen
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Marcella D. Slay
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mslay@gbc.law

*Counsel for Plaintiff Nike, Inc.*

4

**<ins>CERTIFICATE OF SERVICE</ins>**

I hereby certify that on the 11th day of January 2023, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to the e-mail addresses identified in Exhibit A hereto that includes a link to said website.

<ins>/s/ Jake M. Christensen</ins>
Amy C. Ziegler
Justin R. Gaudio
Jake M. Christensen
Marcella D. Slay
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jchristensen@gbc.law
mslay@gbc.law

*Counsel for Plaintiff Nike, Inc.*

5